**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHERRY SUTTON-PRICE, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:11-cv-01943-CEJ |
| v. | ) | |
| | ) | |
| DAUGHERTY SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF**
**JEANNA STAHL'S MOTION TO DISMISS COUNT II WITHOUT PREJUDICE**

**I.      Introduction**

Defendant's opposition to Plaintiff's Motion to Dismiss Count II is based on the fact that Plaintiff Stahl moved to dismiss Count II of her Complaint *without* prejudice in response to Defendant's Motion for Judgment on the Pleadings on Plaintiff Stahl's Counts II, III and IV. Plaintiff Stahl's Missouri Minimum Wage Law ("MMWL") claim is barred by a two-year statute of limitations.  Defendant opposes Plaintiff Stahl's motion because it seeks a dismissal *without* prejudice while Plaintiff Stahl's MMWL claim is indisputably barred by the statute of limitations.  Defendant is entitled to a final judgment on the merits against Stahl on Count II of her Complaint.

**II.     Analysis**

Pursuant to Federal Rule of Civil Procedure ("Rule") 41(a), Plaintiff Stahl must obtain a court order "on terms that the court considers proper" to dismiss Count II because Defendant has filed a responsive pleading and does not stipulate to a dismissal without prejudice.  Rule 41(a). Motions to dismiss under Rule 41(a)(2) "are committed to the district court's discretion, but it is an abuse of discretion for the district court to permit the voluntary dismissal of an action where

the defendant would suffer "plain legal prejudice" as a result. *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927 (7th Cir. 2007).

The Eighth Circuit has explicitly ruled that granting a Rule 41(a)(2) motion for dismissal without prejudice that was filed after a Defendant has established a valid statute of limitations defense would be an abuse of discretion. *Metro. Fed. Bank of Iowa v. W.R. Grace & Co.*, 999 F.2d 1257, 1262 (8th Cir. 1993) ("We would consider it an abuse of discretion for a district court to find no legal prejudice, and thus to grant voluntary dismissal, where the nonmoving party has demonstrated a valid statute of limitations defense to the claims sought to be dismissed.")

In this case Defendant has established a valid statute of limitations defense regarding Count II of Plaintiff Stahl's First Amended Complaint, which is barred by the MMWL's express two-year statute of limitations.  Stahl alleges that she left her employment by Defendant in October 2009.  Fir. Am. Compl. (doc#11) at ¶ 10. Stahl asserted her MMWL claim for the first time in her First Amended Complaint which was filed on December 30, 2011.[1]  Fir. Am. Compl. (doc#11).  Therefore, Defendant has indisputably established its statute of limitations defense, which Plaintiff Stahl failed to address in her Opposition to Defendant's Motion.  Furthermore, Plaintiff's failure to address Defendant's statute of limitations defense as to her MMWL claim in Count II constitutes a waiver of that issue.  *See, e.g., Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007) ("The [plaintiffs'] failure to offer any opposition to [defendant's] statute of limitations argument constituted a waiver.").

---

[1] Plaintiff Stahl's initial Complaint was filed on November 8, 2011 and alleged only a FLSA claim. Compl. (doc#1). Even if this filing, which did not plead a MMWL claim, tolled the statute of limitations on her MMWL claim, it would still be untimely.

**III.     Conclusion.**

This Court should deny Plaintiff Stahl's motion to voluntarily dismiss Count II because Defendant has established a valid statute of limitations defense before Plaintiff Stahl moved to dismiss Count II.  Alternatively, this Court should exercise its Rule 41(a)(2) discretion to dismiss Count II of Stahl's Complaint with prejudice.

Respectfully submitted,

**HESSE MARTONE, P.C.**


By:     /s/ Matthew B. Robinson
Andrew J. Martone, E.D. No. 37382
Matthew B. Robinson, E.D. No. 498731
1650 Des Peres Road
Suite 200
St. Louis, MO  63131
(314) 862-0300 – Telephone
(314) 862-7010 – Facsimile
andymartone@hessemartone.com
mattrobinson@hessemartone.com

Date: January 27, 2012.                          *Attorneys for Defendant*
*Daugherty Systems, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the United States District Court for the Eastern District of Missouri on the 27th day of January, 2012, with notice of case activity generated and sent electronically to:

Kevin J. Dolley
Law Offices of Kevin J. Dolley, LLC
34 North Brentwood Blvd.
Suite 207
St. Louis, MO  63105
kevin@dolleylaw.com

/s/ Matthew b. Robinson