UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHERRY SUTTON-PRICE and JEANNA STAHL, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:11-CV-1943 (CEJ) ) |
| DAUGHERTY SYSTEMS, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Daugherty Systems, Inc., for judgment on the pleadings on plaintiff Jeanna Stahl's state-law claims for unpaid overtime compensation. Plaintiff Stahl has filed a response in opposition to defendant's motion. She separately moves to dismiss her claim under the Missouri Minimum Wage Law without prejudice. Defendant opposes dismissal without prejudice. All issues are fully briefed.

I.   Background

Plaintiff Jeanna Stahl was employed by defendant Daugherty Systems, Inc., as an information technology specialist from April 2006 until October 2009. She and co-plaintiff Sherry Sutton-Price allege that defendant failed to pay them overtime compensation.[1] Plaintiffs filed this purported class action lawsuit on November 8, 2011, asserting claims pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.* (Count I). On December 30, 2011, plaintiffs filed an amended complaint adding claims for violation of the Missouri Minimum Wage Law (MMWL), Mo. Rev. Stat §§ 290.500 *et seq.* (Count II), *quantum meruit* (Count III), and unjust enrichment

---

[1]Sutton-Price is still employed by defendant.

(Count IV). Defendant argues that, because plaintiff Stahl filed suit more than two years after her employment ended, her state-law claims for unpaid wages are barred by Missouri's two-year statute of limitations.

II.   Legal Standard

When considering a motion for judgment on the pleadings under Rule 12(c), Fed.R.Civ.P., the Court must accept as true all factual allegations set out in the complaint and construe the complaint in the light most favorable to the plaintiff, drawing all inferences in her favor. Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law," the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6). Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009) (citing Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990)).

III.   Discussion

The parties' dispute centers on whether plaintiff's claims in Counts II, III, and IV are governed by Missouri's two-year statute of limitations, found at Mo. Rev. Stat. § 516.140, or the five-year statute of limitations, set forth at Mo. Rev. Stat. § 516.120.

> Section 516.140 provides:
>
> An action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation, and for the recovery of any amount under and by virtue of the provisions of the Fair Labor Standards Act of 1938 and amendments thereto, such act being an act of Congress, <u>shall be brought within two years after the cause accrued</u>.

Mo. Rev. Stat. § 516.140 (emphasis added). Plaintiff does not contest defendant's argument that the two-year limitation period governs her claim under the MMWL, but

argues that her *quantum meruit* and unjust enrichment claims are governed by the five-year limitations period for actions upon "contracts, obligations or liabilities, express or implied . . . except where a different time is herein limited." § 516.120(1).

In general, claims for *quantum meruit* and unjust enrichment are actions based on implied or quasi-contracts and are governed by the five-year statute of limitation. See Johnson Group, Inc. v. Grasso Bros., Inc., 939 S.W.2d 28, 30 (Mo. Ct. App. 1997) (describing unjust enrichment and *quantum meruit* as "two separate remedies for a recovery based upon quasi-contract"); Koppe v. Campbell, 318 S.W.3d 233, 240 (Mo. Ct. App. 2010) (applying § 516.120 to *quantum meruit* claim). Nonetheless, defendant asserts, and the Court agrees, that <u>all</u> claims for unpaid overtime are governed by § 516.140 and the two-year limitation period. By its own terms, § 516.140 applies to "any claim" for unpaid overtime compensation, without limitation to a particular cause of action. In addition, the MMWL contains its own two-year statute of limitations. § 290.527 ("All actions for the collection of any deficiency in wages shall be commenced within two years of the accrual of the cause of action."). Plaintiff's interpretation of § 516.140 to limit its application to claims under the MMWL would render the limitations period in the MMWL superfluous, in violation of the rules of statutory interpretation. See Corley v. United States, 556 U.S. 303, 314 (2009) ( "A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant.") (citations and alterations omitted). Finally, the five-year statute of limitations for contracts applies "except where a different time is herein limited." § 516.120(1). Here, a different time is provided.

Missouri case law supports defendant's position as well. In Forry v. Department of Nat. Res., 889 S.W.2d 838, 843 (Mo. Ct. App. 1994), the Missouri Court of Appeals

applied the two-year period of § 516.140 to a breach of contract claim for overtime compensation. See also id. at 846 (rejecting argument that the five-year period of § 516.120 applied under theories of "accord executory" or "account stated"). Plaintiff notes that the *quantum meruit* claim in Forry was not dismissed as time-barred. However, the trial court in Forry never reached the question, holding instead that the plaintiff was required to show that he had no adequate remedy at law before he could assert an equitable claim for relief. See id. at 847 (also citing case law holding that FLSA provided exclusive remedy). The appellate court rejected the *quantum meruit* claim on yet another basis, finding that plaintiff could not establish unjust enrichment where he was receiving paid administrative leave. Thus, plaintiff cannot rely on Forry to support her contention that the five-year statute of limitations applies to her *quantum meruit* and unjust enrichment claims. Plaintiff's reliance on Doyel v. McDonald's Corp., 4:08-CV-1198 CAS, 2009 WL 350627 (E.D. Mo. Feb. 10, 2009), is similarly misplaced, as the court did not address the statute of limitations. The two-year limitations period of § 516.140 applies to the plaintiffs' state-law claims. Plaintiff Stahl's claims were filed more than two years after her cause of action accrued and are time-barred. Defendant's motion for judgment on the pleadings will be granted.

Plaintiff Stahl seeks leave to dismiss her MMWL claim without prejudice. She notes that a three-year statute of limitations applies to willful violations of the FLSA. She argues, without citation to any statute or case law, that evidence of a willful violation would operate to extend the statute of limitations of the MMWL as well. Plaintiff's bare assertion of a legal proposition favorable to her claim is not entitled to any deference. Defendant has established that plaintiff Stahl's claim under the MMWL is barred by the statute of limitations and it is entitled to dismissal of the claim with

prejudice.  See Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co., 999 F.2d 1257, 1262 (8th Cir. 1993) ("Voluntary dismissal under Rule 41(a)(2) should not be granted if a party will be prejudiced by the dismissal, and there is clear legal prejudice where a Rule 41(a)(2) dismissal is granted in the face of a valid statute of limitations defense.") (internal citations omitted).  Plaintiff Stahl's motion to dismiss without prejudice will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for judgment on the pleadings on plaintiff Stahl's claims in Counts II, III, and IV [Doc. #14] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff Stahl's motion to dismiss Count II without prejudice [Doc. #19] is **denied**.

A separate dismissal order in accordance with this memorandum and order will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2012.