# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHERRY SUTTON-PRICE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:11-cv-01943-CEJ |
| | ) |
| DAUGHERTY SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S MOTION FOR PROTECTIVE ORDER
### AND SUPPORTING MEMORANDUM

Defendant Daugherty Systems, Inc. presents its Motion for Protective Order and Supporting Memorandum[1] relating to Plaintiffs' untimely notice of deposition of a corporate representative of Defendant. In support of its motion, Defendant states as follows:

1. On Sunday, November 4, 2012 at 2:33 p.m., Plaintiffs emailed a notice of deposition for a corporate representative of Defendant in accordance with Federal Rule of Civil Procedure ("Rule") 30(b)(6) to Defendant's counsel. A true and accurate copy of Plaintiffs' email and deposition notice is attached hereto as ***Exhibit 1***.

2. Plaintiffs' notice of deposition unilaterally scheduled Defendant's corporate representative deposition on Monday, November 12, 2012 at 10:00 a.m. Exhibit 1 at 1. At no point did Plaintiffs' counsel contact Defendant's counsel to discuss the scheduling of this deposition or inquire as to mutually agreeable dates for the deposition.

3. A corporate representative deposition pursuant to Rule 30(b)(6) requires the named organization to "designate one or more officers, directors, or managing agents, or

---

[1] Defendant has not prepared a separate memorandum supporting this Motion in accordance with Local Rule 7-4.01 due to the limited issue involved in the Motion and the limited time within which this Motion must be filed. If the Court desires additional briefing on this issue, Defendant will provide a separate memorandum.

designate other persons who consent to testify on its behalf." The named organization must prepare the designated individuals to "testify about information known or reasonably available to the organization."

4. Plaintiffs' deposition notice lists eighteen broad topics for the deposition and fifteen subtopics.

5. Plaintiffs' deposition notice lists extraordinarily broad topics. For example, topic 3 seeks the job titles and roles of every employee of the organization, the number of and identifies of the individuals holding each job title and role, every individual's specific job duties and responsibilities, the level of education and experience required for every job title and role, the "decision making capabilities" assigned to each job title and role, the supervisory capacity of every job title and role, the pay structure, rate of pay, and method of payment of every job title and role, and all information relating to the classification of each job title and role as exempt or non-exempt from overtime. Exhibit 1 at 2, ¶ 3.

6. The issues in the deposition will be extraordinarily broad as demonstrated by Defendant's production of over 16,000 pages of records to date.

7. Federal Rule of Civil Procedure 30(b)(1) requires a party to provide "reasonable written notice" to every other party.

8. In this case, Plaintiffs have not provided reasonable notice of Defendant's corporate designee deposition because Plaintiffs unilaterally scheduled the deposition within a week's time and listed a large number of topics over which Defendant's corporate designees must prepare themselves to testify as to the information known and reasonably available to the organization.

9. It would be impossible to hold a meaningful corporate representative deposition within the time allotted because the corporate designees would not have sufficient time to investigate the information known or *reasonably available* to the corporation over the broad topics listed in Plaintiffs' deposition notice.

10. Rule 26(c) permits the party from whom discovery is sought to move for a protective order to prevent annoyance, embarrassment, oppression, or undue burden or expense and specifying the terms, including the time and place, for the discovery.

11. By signing this Motion, Defendant's counsel certifies that it attempted to confer with Plaintiffs' counsel in a good faith in an effort to resolve this dispute without court action. As detailed below, Defendant's counsel actually conferred with Plaintiffs' counsel but was prevented from reaching a good faith resolution of this dispute by Plaintiffs' counsel's insistence that the deposition occur on Monday, November 12, 2012.

12. On November 6, 2012 at approximately 9:40 a.m., Defendant's counsel, Matthew Robinson, spoke to Plaintiffs' counsel, Kevin Dolley, and informed him that the deposition notice did not provide reasonable notice pursuant to Rule 30 and that Defendant would be unable to comply with the deposition notice by Monday, November 12, 2012. Defendant's counsel informed Plaintiffs' counsel that Defendant would work with Plaintiffs' counsel on a reasonable and mutually agreeable date for the deposition. Plaintiffs' counsel responded by insisting that the deposition occur on Monday, November 12, 2012 because he believed a week's notice was more than enough time for a corporate representative deposition to be held and informing Defendant's counsel he would schedule a conference call with the Court in an attempt to force the deposition to occur on Monday, November 12, 2012.

13.     The current deadline for the initial phase of discovery, relating to collective and class issues, is November 13, 2012.

14.     Defendant seeks an order that the deposition be held in abeyance until a reasonable and mutually convenient date and time that allows sufficient time for Defendant to designate its representatives, allow those designees to conduct a proper investigation into the listed topics to determine the information known or reasonably available to the corporation, and to prepare for the deposition.

15.     Defendant proposes that the current scheduling order be amended to permit the parties a reasonable amount of time to schedule the deposition and allow a reasonable time following the deposition for Plaintiffs to prepare and file their motion for conditional certification, if they so choose.

16.     Additional time for the deposition is also justified to allow the parties to resolve other deficiencies in Plaintiffs' deposition notice, including the breadth of the notice including: (a) Plaintiffs' deposition notice not specifying the method of recording, but instead providing the deposition "may be taken via written transcription, audio, or video recording" in violation of Rule 30(b)(3); (b) the deposition notice seeking information about Defendant's entire organization despite the initial phase of discovery revealing only Defendant's Mobility Solutions Group could include employees similarly situated to Plaintiffs; (c) and a number of Plaintiffs' deposition topics not being described with reasonable particularity as required by Rule 30(b)(6).

WHEREFORE, Defendants respectfully request that this Court enter a protective order that Defendant's deposition be held in abeyance until a reasonable and mutually convenient date and time that allows sufficient time for Defendant to evaluate whether it will file objections to Plaintiff's deposition notice, designate its representatives, allow those designees to conduct a

4

proper investigation into the listed topics to determine the information known or reasonably available to the corporation, and to prepare for the deposition and for such other relief as this Court deems just and appropriate.

Respectfully submitted,

**HESSE MARTONE, P.C.**

By:  /s/ Matthew B. Robinson
Andrew J. Martone, E.D. No. 37382
Matthew B. Robinson, E.D. No. 498731
1650 Des Peres Road
Suite 200
St. Louis, MO  63131
(314) 862-0300 – Telephone
(314) 862-7010 – Facsimile
andymartone@hessemartone.com
mattrobinson@hessemartone.com

Date: November 6, 2012.                        *Attorneys for Defendant*
*Daugherty Systems, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the United States District Court for the Eastern District of Missouri on the 6th day of November, 2012, with notice of case activity generated and sent electronically to:

Kevin J. Dolley
Mark A. Koupal, Jr.
Law Offices of Kevin J. Dolley, LLC
34 North Brentwood Blvd.
Suite 207
St. Louis, MO  63105
kevin@dolleylaw.com
mark@koupaljrlaw.com

/s/ Matthew B. Robinson