**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SHERRY SUTTON-PRICE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.  4:11-cv-01943-CEJ |
| ) | |
| DAUGHERTY SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS**
**MOTION FOR SUMMARY JUDGMENT AS TO ITS APPLICATION ARCHITECTS**

Defendant Daugherty Systems, Inc. presents this Memorandum in Support of its Motion for Summary Judgment on Plaintiff's Fair Labor Standards Act ("FLSA") and Missouri Minimum Wage Law ("Missouri MWL") claims against Defendant for the proposed class members consisting of employees with the job role Application Architect ("Application Architects").

**I.   INTRODUCTION.**

Plaintiffs' First Amended Complaint alleges a collective action pursuant to the Fair Labor Standards Act and a class action pursuant to the Missouri Minimum Wage Law alleging Defendant failed to properly compensate employees for their overtime work.  Plaintiffs' claims fail because most of the employees in the proposed class/collective action are exempt from overtime requirements.

Plaintiffs' allegations to the contrary notwithstanding, the employees filling the 16[1] positions which are the subject of Plaintiffs' lawsuit all perform distinct job duties which are neither routine nor interchangeable.  As a result, Defendant will be required to address the merits of Plaintiff's claims on a job-classification-by-job-classification basis.  In order to avoid burdening the Court with an overly-long memorandum, Defendant will address each category of employees in a separate Motion for Summary Judgment.

Defendant's first Motion for Summary Judgment addresses the exempt status of its Application Architects.

Defendant's Application Architects are highly paid and high level computer employees who work with Defendant's clients and customers to achieve inter-functionality among various databases, networks, programs, software and computer operating systems.  Application Architects determine and recommend the optimal application architecture, tools and technologies to be used for a client on a particular project and assure new functional designs meet architectural standards and project needs.  As such, Application Architects meet three exemptions from overtime requirements: the exemption for computer personnel, the exemption for administrative employees, and the exemption for highly compensated employees.

**II.     STATEMENT OF FACTS.**

Defendant has simultaneously filed Defendant's Statement of Undisputed Material Facts ("Defendant's Statement") with this memorandum pursuant to this Court's Rule 7-4.01(E).  Defendant's Statement describes the facts relevant to Defendant's Motion for Summary Judgment as to Its Application Architects.  By this reference, Defendant adopts the contents of Defendant's Statement as its statement of the facts for this memorandum.

---

[1] Plaintiffs' Motion to Conditionally Certify identifies 16 job roles which they claim are "similarly situated;" Plaintiffs' First Amended Complaint identified approximately 12 job roles, though not all of them are employee classifications used or recognized by Defendant.

### III.     LEGAL STANDARD.

Federal Rule of Civil Procedure 56 authorizes summary judgment in the moving party's favor as a matter of law in the absence of genuine issues of material fact. When the undisputed facts contained in the pleadings, discovery responses, and affidavits demonstrate the absence of any genuine issues of material fact, summary judgment furnishes the appropriate remedy to the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Defendant is entitled to judgment on its behalf, because the undisputed facts establish that Application Architects fall within three separate exemptions to the Fair Labor Standards Act's and Missouri Minimum Wage Law's overtime provisions.

### A.     Defendant's Application Architects are Exempt from Overtime by Virtue of the Computer Employee Exemption.

Certain computer personnel are exempt from the overtime provisions of the FLSA as professional employees if they are paid on a salary basis and meet the primary duties requirement for the exemption. *See* 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.400. Defendant's Application Architects are exempt because they satisfy both the minimum salary and primary duties requirements.

#### 1.     Application Architects are paid on a salary basis in excess of $455 per week.

Employees must earn a salary of not less than $455 per week to be exempt as computer employees under the professional exemption.[2] 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.400(b). The Regulations, defining what constitutes a "salary basis," state that "[a]n employee will be considered to be paid on a 'salary basis' within the meaning of these regulations if the employee regularly receives each pay period…a predetermined amount constituting all or part of the

---

[2] Computer personnel who are paid on an hourly basis instead of a salary basis can also be exempt as long as they earn at least $27.63 per hour. 29 U.S.C. § 213(a)(17); 29 C.F.R. § 541.400.

employee's compensation" regardless of the quantity or quality of work performed. 29 C.F.R. § 541.602(a). Further, the regulations specifically permit the "$455 per week" salary requirement to be translated to its equivalent based on the frequency with which employees are paid; thus, where an employer pays its employees every two weeks, as Defendant does, a salary of at least $910 per paycheck satisfies the minimum salary requirement. *See* 29 C.F.R. § 541.600(b).

All of Defendant's Application Architects meet this test because they are paid a salary over $100,000 per year. Defendant's Statement at ¶¶ 12-13. Further, each Application Architect regularly receives his or her full two-weeks' salary (well over $910) regardless of the quality or quantity of the work they perform. Defendant's Statement at ¶¶ 12-13. Because Defendant's Application Architects' salaries exceed the minimum salary requirements of the FLSA, their compensation satisfies the minimum compensation requirements set forth by 29 U.S.C. § 213(a) and 29 C.F.R. § 541.400(b).

### 2. Defendant's Application Architects' primary duties fit squarely within those of an exempt "computer employee" pursuant to 29 C.F.R. § 541.400(b).

To qualify as an exempt "computer employee," the employees' primary duties must consist of:

> (1) The application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications;
>
> (2) The design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;
>
> (3) The design, documentation, testing, creation or modification of computer programs related to machine operating systems; or
>
> (4) A combination of the aforementioned duties, the performance of which requires the same level of skills.

29 C.F.R. § 541.400(b). Application Architects' primary duties involve a combination of those listed in 29 C.F.R. § 541.400(b) and are, therefore, exempt.

Application Architects work with Defendant's clients and customers to achieve inter-functionality among various databases, networks, programs, software and computer operating systems. Defendant's Statement at ¶ 8. Application Architects' primary duties include:

    a.    investigating, evaluating and recommending new technology to meet project requirements;

    b.    assuring new functional designs meet architectural standards;

    c.    participating in all development projects that will affect existing architecture;

    d.    ensuring applications meet or exceed security requirements;

    e.    determining the optimal application architecture, tools and technologies;

    f.    participating in the creation and evolution of application architecture deliverables, including services, frameworks, templates, tools, standards, guidelines and best practices;

    g.    analyzing the current development environment to detect critical deficiencies and driving solutions for improvement;

    h.    participating in application architecture assessments, inspections, and application code reviews.

Defendant's Statement at ¶ 6. These types of duties fit squarely within the list of duties identified in 29 C.F.R. § 541.400(b) relating to exempt computer employees. Accordingly, Application Architects perform duties of an exempt "computer employee" pursuant to 29 C.F.R. § 541.400(b).

Application Architects' compensation far exceeds the minimum salary requirements and their duties fit squarely within those described in 29 C.F.R. § 541.400(b).  Therefore, Application Architects are exempt from the FLSA's overtime provisions as exempt computer personnel as a matter of law. 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.400.

    **B.**    **Defendant's Application Architects are also Covered by the "Administrative Employee" Exemption.**

Bona fide administrative employees are exempt from the overtime requirements of the FLSA if:

1. they are compensated on a salary or fee basis at a rate of not less than $455 per week;

2. their primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and

3. their primary duties include the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200(a); 29 U.S.C. § 213(a)(1).

As discussed in Section III(A)(1), *supra*, Application Architects clearly meet the salary basis requirement.

Because they perform office, non-manual work directly related to the general business operations of Defendant and Defendant's clients and because they exercise broad discretion and independent judgment with respect to matters of significance, Application Architects are also exempt from the overtime requirements of the FLSA because they qualify for the "Administrative Employee" exemption.

    1.  **Application Architects' primary duties are directly related to the general business operations of Defendant and Defendant's clients.**

The "Administrative Employee" exemption applies to employees who perform office, non-manual work directly related to the general business operations of the employer or the employer's customers.  29 C.F.R. § 541.200(a)(2).  Such work includes work in such functional areas as quality control, research, computer network, internet and database administration, and similar activities.  29 C.F.R. § 541.201(b).  <u>This requirement is also met where employees act as advisors or consultants to their employer's clients or customers</u>.  29 C.F.R. § 541.201(c) (emphasis added).  Because Application Architects act as advisors or consultants to their employer's clients, and work in such functional areas as quality control, research, computer network, internet and database administration and similar activities, they satisfy this prong of the "primary duties" requirement.

In *Cruz v. Lawson Software, Inc.*, a district court within the Eighth Circuit found that employees who design, develop and implement a computerized information system supporting the work efforts of the employer's client had primary duties directly related to the general business operations of the employer and/or the employer's clients.  764 F. Supp. 2d 1050, 1066-67 (D. Minn. 2011).  In *Cruz*, the Court looked at the nature of the employee's duties, and held that because they were consultants who advised their employer's clients on how to run their businesses using the employer-company's software, advised clients about how to configure and modify the software and assisted in implementing and configuring the software to run the client's business in a more efficient way, the employees at issue qualified for the "Administrative Employee" exemption.  *Id.* at 1066-67, 1070.

Similarly, the Seventh Circuit recently held that an account manager for a company that produced complex customized software programs to fit the needs of its clients was exempt from the overtime requirements of the FLSA pursuant to the "Administrative Employee" exemption

7

because her job duties were directly related to the general business operations of both her employer and the employer's customers. *Verkuilen v. Mediabank, LLC, et al.*, 646 F.3d 979, 982 (7th Cir. 2011).  In *Verkuilen*, the Court found the employee to be a "picture-perfect example of a worker for whom the Act's overtime provision is *not* intended" because the employee's job duties included identifying customers' needs, translating them into specifications to be implemented into the software programs, and assisting the customers in implementing the programs.  *Id.* at 981-82 (emphasis in original).  The Seventh Circuit held these job duties to be directly related to the general business operations both of her employer, and, in her consulting role, of the employer's customers.  *Id.* at 982.

As in *Cruz* and *Verkuilen*, in this case Defendant's Application Architects' primary duties directly relate to the general business operations of both Defendant and Defendant's clients; they design, develop and implement computer programs and applications to achieve inter-functionality among various databases, networks, programs, software and computer operating systems of Defendant's customers.  Defendant's Statement at ¶ 8.  As in *Cruz* and *Verkuilen*, Defendant's Application Architects serve Defendant's clients by assisting distributors of the clients' product to implement and maintain a computerized distribution system and investigating, evaluating and recommending new technology to meet project requirements.  Defendant's Statement at ¶ 2.  Defendant's Application Architects determine the optimal application architecture, tools and technologies and assure new functional designs meet project requirements and architectural standards.  Defendant's Statement at ¶ 6.  They also participate in application architecture assessments, inspections and application code reviews.  Defendant's Statement at ¶ 6.  Similar to the employees at issue in *Cruz* and *Verkuilen*, Defendant's Application Architects help Defendant's clients operate their businesses as effectively and efficiently as possible, and

whose duties otherwise fall within those categories listed in 29 C.F.R. 201(b).  Because Defendant's Application Architects' job duties involve office, non-manual work directly related to the management or general business operations of Defendant and Defendant's customers, they qualify for the "Administrative Employee" exemption.  29 C.F.R. § 541.200(a)(2).

      2. **Application Architects' primary duties include the exercise of discretion and independent judgment with respect to matters of significance.**

Application Architects' primary duties satisfy the requirements of the "Administrative Employee" exemption because they also include the exercise of "discretion and independent judgment with respect to matters of significance."  29 C.F.R. § 541.200(a)(3).

Generally, the exercise of discretion and independent judgment involves the comparison and evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered.  29 C.F.R. § 541.202(a).  The term "matters of significance" refers to the level of importance or consequence of the work performed.  *Id.*  Because the Application Architects' primary duties require the exercise of discretion and independent judgment with respect to matters of great significance, they are overtime exempt by virtue of the "Administrative Employee" exemption.

Consultants who implement their employer's software at a client and assist the client with training, trouble-shooting and software modifications are covered by the "Administrative Employee" exemption if they use independent judgment in how to train and address the client's problems with the software.  *Cruz,* 764 F. Supp.2d at 1067.  In *Cruz,* the Court recognized that an employee may still exercise discretion and independent judgment even if he or she is required to follow a company manual.  *Id.* (*citing McAllister v. Transamerica Occidental Life Ins. Co.*, 325 F.3d 997, 1001 (8th Cir. 2003)).  In *Cruz,* the Court looked at the amount of discretion the employees exercised, and found that they were covered by the "Administrative Employee"

9

exemption because they were problem-solvers who regularly faced unique situations and problems pertaining to bugs and other technical issues. *Cruz*, 764 F. Supp. 2d at 1067-68.

Defendant's Application Architects are routinely required to exercise discretion and independent judgment to determine the optimal application architecture, tools, and technologies for Defendant's clients, and have the authority to modify and adjust the technical specifications of Defendant's products to meet a particular client's needs. Defendant's Statement at ¶ 10. Application Architects also exercise discretion and independent judgment when recommending particular technology solutions to resolve complex problems and in ensuring a sufficient level of security is maintained. Defendant's Statement ¶ 10. Further, Application Architects exercise discretion and independent judgment when analyzing the current development environment to detect critical deficiencies and driving solutions for improvement. Defendant's Statement ¶ 10.

In addition, as in *Cruz,* Application Architects have minimal (if any) direct supervision over their day-to-day problem-solving work – the Application Architects work independently to anticipate and resolve problems regarding matters of great significance to Defendant's general business operations. Defendant's Statement at ¶¶ 9-11. As in *Cruz*, Application Architects are problem-solvers for Defendant and Defendant's clients and exercise discretion and independent judgment over matters of significance, and therefore qualify for the "Administrative Employee" exemption.

Defendant's Application Architects are exempt from the FLSA's overtime requirements pursuant to the "Administrative Employee" exemption as a matter of law because they satisfy the salary basis and job duties requirements:

       1. Application Architects all earn more than $455 per week, or $910 every two weeks;

    2. Application Architects act as consultants to Defendant's clients, working with them to achieve inter-functionality among various databases, networks, programs, software and computer operating systems; and

    3. Application Architects regularly confront and resolve complex technological problems, requiring them to exercise discretion and independent judgment over matters of great significance.

Therefore, Defendant's Application Architects are exempt from the FLSA's overtime requirements under the "Administrative Employee" exemption as a matter of law. 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.200(a).

    **C.    Defendant's Application Architects are also Exempt From the FLSA's Overtime Requirements because they Fall Within the "Highly Compensated Employee" Exemption.**

Employees with total annual compensation of at least $100,000 are exempt from the FLSA's overtime requirements if they earn a salary of at least $455 per week, or $910 every two weeks, and "customarily and regularly perform any one or more of the exempt duties or responsibilities of an executive, administrative, or professional employee." *See* 29 CFR §§ 541.601, 541.600(b). The phrase "customarily and regularly" means a frequency greater than occasional, but less than constant. 29 C.F.R. § 541.701.

The job duties requirement is considerably relaxed for the "Highly Compensated Employee" exemption because a "high level of compensation is a strong indicator of an employee's exempt status, thus eliminating the need for a detailed analysis of the employee's job duties." *Coppage v. Bradshaw,* 665 F. Supp.2d 1361, 1368-69 (N.D. Ga. 2009); 29 C.F.R. § 541.601(c).

As discussed in Section III(A)(1), supra, Application Architects clearly meet the "salary basis" requirement. All of Defendant's Application Architects earn more than $100,000 in annual salary, more than $910 of which is paid every two weeks, without regard to the quantity

11

or quality of work performed.  Because Application Architects also customarily and regularly perform at least one of the exempt duties of an executive, administrative or professional employee, they are exempt from the FLSA's overtime provisions pursuant to 29 U.S.C. § 213(a)(1) and 29 C.F.R. § 541.601 as a matter of law.

In addition (as discussed in Sections III(B)(1) and (2), *supra*) the Application Architects' job duties regularly consist of duties that fall within the administrative employee exemption. Application Architects' job duties include, among others, software analysis, design, and construction testing and integration.  Defendant's Statement at ¶ 5.  Application Architects work with Defendant's customers to determine their system and software needs and specifications, and research, recommend, design, develop or modify programs and computer systems to create inter-functionality between machine operating systems.  Defendant's Statement at ¶¶ 5-8.  These types of tasks and involve problem-solving, office and administrative duties.  Accordingly, considering the relaxed standards for highly-compensated employees, Application Architects' duties fall within those performed by exempt administrative employees.

Application Architects are overtime exempt as highly-compensated employees because they earn over $100,000 in salary per year, including more than $910 paid every two weeks on a salary basis, and routinely and customarily perform at least one duty of an exempt administrative or professional employee.  Accordingly, Application Architects are exempt from the FLSA's overtime provisions as a matter of law.  29 U.S.C. § 213(a)(1); 29 CFR § 541.601.

    **D.**    **The Fair Labor Standards Act's Computer Personnel, Highly Compensated Employee, and Administrative Employee Exemptions Also Apply to the Missouri Minimum Wage Act.**

The Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA"), requires employers to pay employees who work over forty hours in a week at a rate of one and a half

times their regular rate for those hours. 29 U.S.C. § 207(a). The FLSA and its regulations, however, exempt certain categories of employees from its overtime provisions. Three exceptions are pertinent to this motion: (1) computer personnel; (2) employees employed in a bona fide administrative capacity; and (3) highly compensated employees. 29 U.S.C. § 213(a)(1); 29 C.F.R. §§ 541.200, 541.400, 541.601.

The Missouri MWL likewise requires employers to pay employees who worked over forty hours in a week at a rate of one and a half times their regular rate for those hours. Mo. Rev. Stat. § 290.505.1. The Missouri MWL also excludes certain categories of employees from its overtime provisions, including any employees who are exempt from overtime requirements pursuant to the FLSA. Mo. Rev. Stat. § 290.505.3 ("the overtime requirements of [the Missouri MWL] shall not apply to employees who are exempt from federal minimum wage or overtime requirements including, but not limited to, the exemptions or hour calculation formulas specified in 29 U.S.C. Sections 207 and 213, and any regulations promulgated thereunder.") (emphasis added). The "computer personnel," "highly compensated employee," and "administrative employee" exemptions of the FLSA are expressly incorporated into the Missouri MWL. As a result, Defendant's Application Architects are exempt from the overtime requirements of the Missouri MWL for the same reasons they are exempt from the overtime coverage of the FLSA. Mo. Rev. Stat. § 290.505.3.

**IV.   CONCLUSION.**

Defendant is entitled to summary judgment on Plaintiffs' claims that it violated the Fair Labor Standards Act and Missouri Minimum Wage Law because it did not pay overtime compensation to its Application Architects. Defendant's Application Architects are clearly exempt from the overtime requirements of both the Fair Labor Standards Act and Missouri's

Minimum Wage Law because they unequivocally qualify for the "Computer Personnel" exemption, the "Administrative Employee" exemption, and the "Highly Compensated Employee" exemption.  As a result, Defendant is entitled to judgment as a matter of law on Plaintiffs' claims that Defendant violated the Fair Labor Standards Act and Missouri Minimum Wage Law because it does not pay overtime to its Application Architects.

Respectfully submitted,

**HESSE MARTONE, P.C.**

By:   /s/ Andrew J. Martone
Andrew J. Martone, E.D. No. 37382
Matthew B. Robinson, E.D. No. 498731
1650 Des Peres Road
Suite 200
St. Louis, MO  63131
(314) 862-0300
(314) 862-7010 – fax
andymartone@hessemartone.com
mattrobinson@hessemartone.com

*Attorneys for Defendant*
*Daugherty Systems, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served via the Court's CM/ECF system this 30th day of January 2013, to:

Kevin J. Dolley
Mark A. Koupal, Jr.
Sarah Jane Hunt
Law Offices of Kevin J. Dolley, LLC
34 North Brentwood Blvd.
Suite 207
St. Louis, MO  63105
kevin@dolleylaw.com
mark@koupaljrlaw.com
sarah.jane.hunt@dolleylaw.com

/s/ Matthew B. Robinson