IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHERRY SUTTON-PRICE, )<br>JEANNA STAHL, )<br> )<br>   on behalf of themselves and all )<br>   others similarly situated, )<br> )<br>   Plaintiffs, )<br> )<br>v. )<br> )<br>DAUGHERTY SYSTEMS, INC., )<br> )<br>   Defendant. ) | Cause No. 4:11-CV-01943-CEJ |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' RENEWED MOTION TO CONDITIONALLY CERTIFY FLSA COLLECTIVE ACTION**

COME NOW Plaintiffs Sherry Sutton-Price and Jeanna Stahl (collectively referred to as "Plaintiffs"), by and through undersigned counsel, and for their Response In Opposition To Defendant's Motion To Strike Plaintiffs' Renewed Motion To Conditionally Certify FLSA Collective Action, state as follows:

**INTRODUCTION**

Plaintiffs, in this collective action for unpaid overtime brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, filed their initial Motion to Conditionally Certify FLSA Collective Action, Order Disclosure of Putative Class Members' Names and Contact Information, and To Facilitate Class Notice ("Initial Motion") on January 8, 2013. [Doc. #54-55]. Plaintiffs moved for conditional certification of a class of similarly situated employees performing IT customer consulting duties. [Doc. #54-55].

This Court denied Plaintiffs' Initial Motion on July 1, 2013, finding that Plaintiffs did not provide "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan" in that they did not properly allege or show that the putative class of consultants generally have similar job duties.  [Doc. # 76, p. 8].

The Court held a Rule 16 scheduling conference on August 1, 2013.  During the conference, Plaintiffs notified the Court and Defendant that they intended to file a Renewed Motion for Conditional Certification ("Renewed Motion").

The Court issued a Case Management Order for this case on August 5, 2013.  [Doc. #85].  The Case Management Order states that discovery shall be completed no later than April 4, 2014 and all dispositive motions shall be filed no later than May 5, 2014.  [Doc. #85].  The Case Management Order does not contain a deadline for filing a Renewed Motion.  [Doc. #85].

Plaintiffs filed their Renewed Motion on September 17, 2013.  [Doc. #86].  Plaintiffs' Renewed Motion narrows the putative class to those employed in Mobile Solutions Group within the following roles/job titles: Product Specialist, Technical Analyst, Senior Technical Analyst, Implementation Specialist, Data Analyst, Business Analyst, Software Engineer, and Quality Analyst.  [Doc. #86].

Despite filing the present Motion to Strike on September 24, 2013, Defendant employed numerous exhibits from both of Plaintiffs' certifying motions when it deposed both named Plaintiffs on September 26, 2013, including but not limited to Plaintiffs' Declarations in support of Plaintiffs' Renewed Motion.  [Doc. #87-4, #87-5].

Defendant now argues that Plaintiffs' Renewed Motion should not be considered by this Court because Plaintiffs' Renewed Motion is untimely and subjects Defendant to prejudice. [Doc. #92, p. 1].

Contrary to Defendant's assertions, Plaintiffs' Renewed Motion is neither untimely nor prejudicial and, for the following reasons, this Court should deny Defendant's Motion to Strike.

## DISCUSSION

I. **DEFENDANT'S MOTION TO STRIKE IMPROPERLY ATTACKS PLAINTIFFS' RENEWED MOTION.**

As a preliminary matter, Plaintiffs' renewed Motion cannot be attacked by a Fed. R. Civ. P. 12(f) Motion to Strike because it is not a pleading under Fed. R. Civ. P. 7(a).

Fed. R. Civ. P. 12(f) reads in pertinent part: "Upon motion made by a party ... or upon the court's own initiative at any time, the court may order stricken from any **pleading** any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f) (emphasis added). The Federal Rules define pleadings as "a complaint and an answer; a reply to a counterclaim ...; an answer to a cross claim ...; a third-party complaint ...; and a third party answer." FED.R.CIV.P. 7(a). Motions, on the other hand, encompass any variety of requests for a court order. FED. R. CIV. P. 7(b).

Motions to strike are properly directed only to material contained in pleadings. *Donnelly v. St. John's Mercy Med. Ctr.*, 4:08-CV-347 CAS, 2009 WL 1259364 (E.D. Mo. May 5, 2009). Motions, briefs, memoranda, objections or affidavits may not be attacked by a motion to strike. *See, e.g., Coleman v. City of Pagedale,* No. 4:06–CV–1376 ERW, 2008 WL 161897, *4 (E.D. Mo. Jan. 15, 2008) (holding that sur-reply and memorandum were not pleadings and could not be attacked with a motion to strike); *Williams ex rel. McIntosh v. City of Beverly Hills, Mo.,* No. 4:07–CV–661 CAS, 2008 WL 2792490, *2 (E.D. Mo. Sept. 24, 2007) (motion to remand could not be attacked with a motion to strike). Motions to strike are considered an extreme measure, and, as a result, such motions are viewed with disfavor and are infrequently granted. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000).

Here, Defendant's Motion to Strike is directed at Plaintiff's Renewed *Motion* for Conditional Certification. [*See generally* Doc. #91]. The targeted document is not a pleading within the meaning of the Federal Rules, and therefore cannot be properly stricken through Defendant's Motion to Strike. As such, this Court should deny Defendant's Motion to Strike for its fundamental procedural deficiency.

**II.  THE LAW OF THE CASE DOCTRINE IS INAPPLICABLE TO PLAINTIFFS' RENEWED MOTION.**

Defendant contends that the law of the case doctrine should preclude this Court from reconsidering whether to conditionally certify the putative class proposed by Plaintiffs in their Renewed Motion and that this doctrine prohibits this Court from re-visiting interlocutory decisions and orders. [Doc. #92, pp. 1–2]. This argument lacks merit because the doctrine does not apply to the Court's ruling regarding Plaintiffs' Initial Motion; the doctrine favors conditional certification and, simply put, the subject matter of Plaintiffs' Renewed Motion has not yet been entertained by this Court.

**A.  The Law Of The Case Doctrine Does Not Apply To Interlocutory Decisions Capable Of Modification.**

The law of the case doctrine typically applies to decisions made by appellate courts and final decisions made by district courts that have not been appealed. *See, e.g., First Union Nat'l Bank v. Pictet Overseas Trust Corp., Ltd.*, 477 F.3d 616, 620 (8th Cir. 2007). The doctrine does not apply to interlocutory orders, which may be reconsidered and modified by a district court prior to entry of a final judgment. *Gander Mountain Co. v. Cabela's, Inc.*, 540 F.3d 827, 830 (8th Cir. 2008); *see also Council of Alternative Political Parties v. Hooks*, 179 F.3d 64, 69 (3d Cir. 1999) (law of the case doctrine not applicable where findings of fact and conclusions of law are not yet binding). The law of the case doctrine applies only to final decisions because

preliminary or tentative matters are not yet capable of appeal. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 548 (6th Cir. 2006) (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)).

The decision of a court regarding whether to conditionally certify a putative class at the "notice" stage of a FLSA collective action constitutes a modifiable interlocutory motion. *See, e.g. Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). Rather than constituting a "final" decision, a motion for conditional certification is "conditional" because the decision will typically and repeatedly be re-examined over the life of a case. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008) (defining conditional certification under the FLSA as a two-step procedure issuing orders for both motions for certification and de-certification).

Just as defendants may move for decertification, plaintiffs may renew their motion for conditional certification. *Brasfield v. Source Broadband Servs., LLC*, 257 F.R.D. 641, 644 (W.D. Tenn. 2009) (internal citation omitted). The same rationale allowing defendants to move for de-certification renders the law of the case doctrine inapplicable to issues regarding conditional certification. *Compare Brasfield v. Source Broadband Servs., LLC*, 257 F.R.D. 641, 644 (W.D. Tenn. 2009) (stating the same rationale for de-certification in FLSA collective actions applies to additional attempts to recertify) *with Lusardi v. Lechner,* 855 F.2d 1062, 1072 (3d Cir. 1988) (stating conditional certification necessarily contemplates the possibility of later de-certification).

Here, the Court's Order denying Plaintiffs' initial Motion for Conditional Certification does not prohibit Plaintiffs from filing their Renewed Motion. [*See generally,* Doc. #76]. In fact, the Order provided guidelines for the scope of a putative class of Defendant's employees

5

which may have been conditionally certified by this Court. [*See* Doc. #76, p. 9–10]. This Class included those members of the Mobile Solutions Group who perform substantially similar job duties as Plaintiffs in specific relation to Defendant's Mobility software. [Doc. #76, p. 9–10]. The Order explains why Plaintiffs issued their Renewed Motion and restricted the putative class in accordance with the definition of a potentially similarly situated group as outlined by the Court.

This Court should deny Defendant's Motion because the law of the case doctrine does not apply to Plaintiffs' Renewed Motion, a document that, by its own terms, constitutes a "conditional" filing capable of modification and reconsideration.

      **B.**      **The Law of the Case Doctrine Favors Conditional Certification.**

The law of the case doctrine is a doctrine of policy, convenience, and discretion. *Walton v. City of Berkeley*, 223 S.W.3d 126, 130 (Mo. 2007). The doctrine ensures uniformity of decisions, protects the parties' expectations, and promotes judicial economy. *Id.* at 129.

The conditional certification process serves the interests of judicial economy in FLSA collective actions. *See Liles v. Del Campo*, 350 F.3d 742, 746 (8th Cir. 2003) (issuing an injunction to stay other proceedings so as to eliminate the risk of confusion, inconsistent adjudication, preserve resources, and save judicial resources); *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1019 (E.D. Mo. 2010) (noting that judicial economy is served by conditionally certifying a larger, more inclusive class).

Here, in Plaintiffs' Renewed Motion, Plaintiffs allege the existence of a specific class of similarly situated employees employed to work in Mobile Solutions, performing non-exempt duties related to supporting and implementing Defendant's Mobility software, who were uniformly denied overtime compensation at a rate of time-and-a-half their regular rate of pay.

[*See generally,* Doc. #87, p. 2]. Conditionally certifying this narrower class will condense the costs of extensive discovery and judicial resources to the prosecution of a single case. Plaintiffs narrowed the scope of the putative class to include similarly situated employees within Mobile Solutions. Similarly situated employees and former employees should not be required to file subsequent lawsuits to recoup overtime pay owed to them as a result of Defendant's blatantly illegal "straight-time" overtime policy.

Therefore, this Court should deny Defendant's Motion because judicial economy will be promoted through the conditional certification of the proposed class in that several cases will be adjudicated at once.

**C.  Plaintiffs' Renewed Motion Is A Distinct Motion That Has Not Been Considered By This Court.**

"'The law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings.'" *Mosley v. City of Northwoods, MO.*, 415 F.3d 908, 911 (8th Cir. 2005) (quoting *Kansas Pub. Employees Ret. Sys. v. Blackwell, Sanders, Matheny, Weary & Lombardi, L.C.*, 114 F.3d 679, 687 (8th Cir. 1997)).

Here, the law of the case doctrine has no application upon Plaintiff's Renewed Motion because Plaintiffs are not attempting to relitigate a settled issue. Plaintiffs' Initial Motion sought to conditionally certify a putative class consisting of "all current and former IT customer consultants [employed by Defendant] who have performed work for Defendant as IT customer consultants within the past three (3) years, and who were not paid proper overtime compensation for all hours worked in excess of forty (40) in a single workweek." [Doc. #54].

By contrast, Plaintiffs' Renewed Motion seeks to conditional certify a considerably narrower class consisting of:

7

> "all current and former Product Specialists, Technical Analysts, Senior Technical Analysts, Implementation Specialists, Data Analysts, Business Analysts, Software Engineers, and Quality Analysts *within the Mobile Solutions Groups* of Defendant [] who have performed work for Defendant within the past three (3) years, and who were not paid proper overtime compensation for all hours worked in excess of forty (40) in a single workweek."

[Doc. #86 (emphasis added)]. While this Court denied Plaintiffs' Initial Motion, it has not yet considered the certifiability of the distinct and narrower class proposed in Plaintiffs' Second Motion. While termed a "renewed motion," Plaintiffs' Renewed Motion is distinct from their Initial Motion because it seeks to certify a separate class. Thus, the law of the case doctrine is inapplicable as Plaintiffs are not relitigating an issue that has already been determined by the Court. *See Mosley*, 415 F.3d 908, 912 ("The law of the case doctrine did not prohibit the district court from rehearing the motion for summary judgment.").

Therefore, Defendant's Motion should be denied because the law of the case doctrine does not apply to Plaintiffs' Renewed Motion in that the Renewed Motion is wholly distinct from their Initial Motion and has not been considered by this Court.

### III.  Plaintiff's Renewed Motion Was Timely Filed And Does Not Unduly Prejudice Defendants

Defendant contends that allowing Plaintiffs to renew their Motion for Conditional Certification would violate the Court's Scheduling Order as it was filed nine months after the deadline for Plaintiffs' Initial Motion. [Doc. #92, p. 4]. Defendant argues that Plaintiff's Renewed Motion for Conditional Certification should be stricken because Plaintiffs failed to demonstrate "good cause" to file outside of the dates outlined in the Scheduling Order. [Doc. #92, p. 4]. Defendant also asserts that Plaintiffs' filing of a Renewed Motion for Conditional Certification prejudiced Defendant because Defendant would be required to re-convene the

depositions of Plaintiffs in the event this Court conditionally certifies Plaintiffs' proposed putative class.  [Doc. #92, p. 4].

Defendant's arguments completely ignore the fact that Plaintiffs' timely filed their Renewed Motion in accordance with the deadlines set forth in the Case Management Order entered by this Court on August 5, 2013.  Plaintiffs' filing of the Renewed Motion does not require this Court to modify any scheduling deadline in this Case Management Order. [*See* Doc. #85].  Plaintiffs expressed their plan to file a Renewed Motion during the Rule 16 conference with the Court held on August 1, 2013.  The Case Management Order entered August 5, 2013, contains no language limiting Plaintiffs ability to file a Renewed Motion within the other dates and deadlines outlined in the Order.  [*See* Doc. #85].  It is not necessary for this Court to modify the dates and deadlines contained in the Case Management Order to accommodate Plaintiffs' filing of a Renewed Motion.

Defendant will not be prejudiced by the filing of Plaintiffs' Renewed Motion for Conditional Certification.  Discovery remains open for an additional seven months, until April 4, 2014.  [Doc. #85].  The window for dispositive motions remains open for an additional eight months, until May 5, 2014.  [Doc. #85].  Defendant noticed the deposition of Plaintiffs on September 13, 2013, well after becoming aware of Plaintiffs' intent to file a Renewed Motion. Additionally, Plaintiffs' depositions both occurred on September 26, 2013, *after* Plaintiffs' filed their Renewed Motion.  Further, Defendant used the opportunity to depose the Plaintiffs on topics related to and exhibits attached to Plaintiffs' Renewed Motion, including but not limited to Plaintiffs' Declarations of Interest in support of the Plaintiffs' Renewed Motion. [Doc. # 87-4, #87-5]. Finally, Defendant has already filed its Response to Plaintiffs' Renewed Motion, indicating a lack of prejudice.  [Doc. #93].

Thus, this Court should deny Defendant's Motion because Defendant has not and will not be prejudiced by Plaintiff's Renewed Motion and there is no basis for Defendant's assertion that the filing of Plaintiffs' Renewed Motion was untimely.

## CONCLUSION

WHEREFORE, and for good cause shown, this Court should deny Defendant's Motion to Strike Plaintiffs' Renewed Motion because it is not untimely, will not prejudice Defendant, and is not violative of the inapplicable law of the case doctrine.

Respectfully Submitted,

By: */s/ Kevin J. Dolley*

Kevin J. Dolley, USDC #54132MO
Mark J. Obermeyer, USDC #63140MO
LAW OFFICES OF KEVIN J. DOLLEY, LLC
34 N. Brentwood Blvd., Suite 207
St. Louis, MO 63105
(314)645-4100 (office)
(314)647-4300 (fax)
kevin@dolleylaw.com
mark.obermeyer@dolleylaw.com

*Attorneys for Plaintiffs and
those similarly situated*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was served upon the attorneys of record for Defendants by electronic filing on October 3, 2013 effectuated through the Court's electronic case filing system.

*/s/ Kevin J. Dolley*