SHERRY SUTTON-PRICE and JEANNA       )
STAHLS, on behalf of themselves and   )
all others similarly situated,         )
                                       )
            Plaintiffs,                )
                                       )
      vs.                              )        Case No. 4:11-CV-1943 (CEJ)
                                       )
DAUGHERTY SYSTEMS, INC.,               )
                                       )
            Defendants.                )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' renewed motion to conditionally certify a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). Defendant has filed a response in opposition and a motion to strike. All issues are fully briefed.

### I.    Background

Plaintiffs Sherry Sutton-Price and Jeanna Stahl are, respectively, current and former employees of defendant Daugherty Systems, Inc. (Daugherty). They allege on behalf of themselves and others similarly situated that Daugherty violates the FLSA by incorrectly classifying them as exempt, thereby avoiding paying them overtime.

Defendant Daugherty provides two categories of software services to large corporations. The "consulting" services develop specific software solutions for individual clients. The "Mobile Solutions Group" supports a specific software product called Mobility for Anheuser-Busch InBev. The Mobile Solutions Group has two subdivisions. The Development subdivision makes improvements to the Mobility software while the Support subdivision provides support services to wholesalers using the Mobility software. Plaintiffs Sutton-Price and Stahl both worked in the Support

subdivision of the Mobile Solutions Group.   Sutton-Price worked on the "Tier 2 Helpdesk," a call center for the wholesalers.   Her duties consisted of providing call center support to correct hardware and software problems; troubleshooting network connectivity issues; and installing, configuring, testing and troubleshooting computer applications, networks and hardware.   Stahl's duties including providing telephone support for clients and on-site training to wholesalers in implementing the Mobility software.

On January 4, 2013, plaintiffs moved to certify a class of employees, in both the consulting services and the Mobile Solutions Group, with the job title "Consultant." Plaintiffs claimed that all consultants perform basic IT troubleshooting, configuration, and general consulting duties.   On July 1, 2013, the Court denied plaintiffs' motion. The Court found that plaintiffs failed to establish that employees outside the Mobile Solutions Support subdivision performed work substantially similar to the work the plaintiffs performed.   Defendant suggested that it might be appropriate to certify a class of employees who worked in the Mobile Solutions Group on the Tier 2 Helpdesk and Installation Team.   The Court declined to address this proposal because plaintiffs had not requested alternative relief.

On August 5, 2013, the Court held a Rule 16 scheduling conference to develop a case management order for disposition of the individual claims.   In the course of the conference, counsel for plaintiffs stated that they were contemplating filing another motion for conditional certification.   That possibility was not addressed in the parties' joint proposed scheduling plan -- indeed, defense counsel states it was never mentioned in discussions with plaintiffs' counsel -- and the Court made no provision for an additional class certification motion in the case management order.

-2-

On September 17, 2013, plaintiffs filed this renewed motion for the conditional certification. They seek to certify a class of Mobile Services employees who performed duties in the following roles or titles: Product Specialist, Technical Analyst, Senior Technical Analyst, Implementation Specialist, Data Analyst, Business Analyst, Software Engineer, and Quality Analyst. The proposed class includes employees in both the Development and Support subdivisions.

## II.   Discussion

Defendant argues that plaintiffs' renewed motion should be struck under the "law of the case" doctrine and as untimely. In the alternative, defendant argues that the motion fails on the merits.

The doctrine of the law of the case prevents the relitigation of settled issues in an action, thus protecting the expectations of the parties, ensuring uniformity of decisions and promoting judicial efficiency. UniGroup, Inc. v. Winokur, 45 F.3d 1208, 1211 (8th Cir. 1995). The doctrine does not apply to interlocutory orders, which can be reconsidered and modified prior to entry of a final judgment. Gander Mountain Co. v. Cabela's, Inc., 540 F.3d 827, 830 (8th Cir. 2008). This case is not yet final and so the "law of the case" doctrine does not apply.

Defendant also argues that the motion is untimely. On July 16, 2012, the Court entered a case management order for class discovery and certification. Under that order, the deadline for filing a class certification motion was no later than October 12, 2012. Upon joint requests by the parties, that date was extended first to November 30, 2012, and finally to January 4, 2013, when the first certification motion was filed. Defendant argues that before filing a renewed motion for conditional certification, plaintiffs were required to show good cause for modifying the original case management order under Fed.R.Civ.P. 16(b)(4). Plaintiffs respond that their motion

-3-

is not untimely under the current Case Management Order and decline to address defendant's "good cause" argument.

The Court agrees with defendant that plaintiffs' motion is untimely, not necessarily for violation of Rule 16, but under more general principles of judicial economy and fairness. Plaintiffs have been in possession of all relevant discovery since they filed their first motion. They could have requested certification of a narrower class as an alternative in their original motion or in response either to the defendant's suggestion that a narrower class was appropriate or to the order denying certification. Finally, plaintiffs filed a joint proposed scheduling plan that included no provisions for another class certification motion. Plaintiffs offer no explanation for their failure to take any of these opportunities to seek the certification they now propose. Allowing their motion to go forward at this time will cause significant delay in resolution of this case.

In addition, the new proposed class suffers from the same weaknesses as the original proposed class. Plaintiffs are required to show that employees in the proposed class performed similar duties. See Halsey v. Casino One Corp., 4:12CV1602 CDP, 2012 WL 6200531, at *3 (E.D. Mo. Dec. 12, 2012). The Court previously determined that employees in the Development and Support subdivisions do not perform similar duties. Plaintiffs now argue that employees in both subdivisions perform similar "support" duties. "'Installing, maintaining, and/or supporting computer hardware and/or software' could include both a low-level technician who checks whether computers are switched on and a programmer who writes software patches involving complex cryptographic code." Cunningham v. Electronic Data Sys. Corp., 754 F. Supp. 2d 638, 650 (S.D.N.Y. 2010). A generic statement of job functions that creates an overbroad category is not permitted under the similarly-

situated analysis.  Villareal v. St. Luke's Episcopal Hosp., 751 F. Supp. 2d 902, 919

(S.D. Tex. 2010).  "While slight differences in job duties or functions do not run afoul

of the similarly-situated requirement, significant variation of job duties among

potential class members means that class certification should not be granted."  Id.

(citation omitted).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' renewed motion to conditionally certify

FLSA collective action [Doc. #86] is **denied**.

**IT IS FURTHER ORDERED** that defendant's motion to strike [Doc. #91] is

**moot**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this13th day of December, 2013.